Douglas, J.,
concurring in part and dissenting in part. I respectfully dissent from the second paragraph of the body of the majority opinion and Parts II, IV, V, IX and, in part, Part X of the opinion. I do so because I believe that the pronouncements of the three-judge panel, while both wrong and intemperate in *379 places,[2] were substantially accurate overall and the judgments rendered by the panel should be affirmed.
I respectfully concur in the remainder of the majority opinion. Accordingly, I would affirm in all respects the judgments of the three-judge trial panel.

. As examples, the panel’s opinion, in discussing State v. McGuire (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112, says that “[i]n the syllabus to that opinion, the 7J2 majority of the Supreme Court states * * (Emphasis added.) There are, of course, a total of only seven justices on the Supreme Court of Ohio — not nine. Also, the two justices to which the opinion of the three-judge panel refers, did, in fact, concur with the judgment of the majority.
Further, in continuing to discuss McGuire, the opinion of the three-judge panel says that “[t]his bright-line rule - overruling earlier decisions — in the view of this panel is wrongheaded to the point where one day its blind application will almost surely result in the execution of an innocent defendant.” (Emphasis added.) At least five members of this court respectfully disagree with the three-judge panel. That is just how our system works. Judges should be able to disagree, agreeably.